

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

November 30, 1971

Hon. Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas 77002

Opinion No. M-1005

Re: Several questions relating
to requirement of giving
notice by Commissioners
Court and Board of Judges
of Harris County as re-
quired by Art. 6252-17,
V.C.S., and a related
question.

Dear Mr. Resweber:

Your recent request for an opinion asks for an answer to the
following questions:

"1. Does Article 6252-17, V.C.S., require posting
of notice of a meeting of the Board of Judges of Harris
County for the purpose of appointing a Purchasing Agent
of the County?

"2. Does Article 6252-17, V.C.S., require posting of
notice of meetings of the Commissioners Court of
Harris County for the purpose of making appointments
to fill vacancies in elective offices or the various board
commission memberships appointed by the Court?

"3. Is the County Auditor of Harris County authorized
to exercise the duties and powers of such office when
his appointment was made by the District Judges of
Harris County at a meeting for which no notice, as
contemplated by Article 6252-17, V.C.S. was posted?"

In answer to your first question, your attention is directed to Article
6252-17, Sec. 2(a), which reads, in pertinent part, as follows:

-4903-

"The provisions of this Act do not apply to that portion of a meeting. . .of a governmental body while. . . actually engaged in:  (1) deliberations to consider the appointment, employment. . .of a public officer or employee. . .unless such officer or employee requests a public hearing." (Emphasis added)

The Act does not require posting of notice of a meeting of the Board of Judges for the purpose of appointing a Purchasing Agent of a County, since the sole function of the Board under the provisions of Article 1580,[1] is to appoint a suitable person to act as County Purchasing Agent.

Sec. 2(a) of Article 6252-17 applies to meetings of the Commissioners Court as indicated by Section 1(b) of that Article.  That portion of a meeting or session of the Commissioners Court actually devoted to deliberations to consider the appointment or employment of an individual or individuals to fill vacancies in elective offices or board commission memberships are not subject to the notice provisions of the Act. (Sec. 3A).  Therefore, question 2 is answered in the negative.

Question 3 is answered in the affirmative.  Article 1647, V.C.S., authorizes the district judges having jurisdiction in the county to appoint the County Auditor at a special meeting held for that purpose.  Again, Article 6252-17, Sec. 2(a) does not require posting of notice of such meeting for the purpose of appointing a County Auditor and the County Auditor thus appointed may exercise the duties and powers of that office.

---

[1]   Acts 61st Leg., 1969, 2nd C.S., ch. 24, p. 166, S.B. 23, codified by Vernon in Notes under Art. 1580, V.A.C.S.

## ·SUMMARY

The notice provisions (Sec. 3A) of Article 6252-17, do not apply to a meeting of the Board of Judges created by Acts 61st Leg., 1969, 2nd C.S., ch. 24, p. 166, S.B. 23, codified by Vernon in Notes under Art. 1580, V.A.C.S., or a meeting of the District Judges under Art. 1647, V.C.S., or a Commissioners Court, while they are actually engaged in deliberations to consider the appointment or employment of a public officer or employee.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Bill Flanary
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Ivan Williams
Wardlow Lane
Jerry Roberts
Sally Phillips

SAM McDANIEL
Staff Legal Assistant
ALFRED WALKER
Executive Assistant
NOLA WHITE
First Assistant